1  Muriel B. Kaplan, Esq. (SBN 124607)
   Michele R. Stafford, Esq. (SBN 172509)
2  SALTZMAN & JOHNSON LAW CORPORATION
   120 Howard Street, Suite 520
3  San Francisco, CA 94105
   (415) 882-7900
4  (415) 882-9287 – Facsimile
   mkaplan@sjlawcorp.com
5  mstafford@sjlawcorp.com

6  Attorneys for Plaintiffs

7

8
                   UNITED STATES DISTRICT COURT
9
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11
   GIL CROSTHWAITE, RUSS BURNS, in their        Case No.:  C07-5321 JL
12 respective capacities as Trustees of the
   OPERATING ENGNEERS HEALTH AND                COMPLAINT TO COMPEL AUDIT
13 WELFARE TRUST FUND FOR NORTHERN
   CALIFORNIA; PENSION TRUST FUND
14 FOR OPERATING ENGINEERS;
   PENSIONED OPERATING ENGINEERS
15 HEALTH AND WELFARE FUND;
   OPERATING ENGINEERS AND
16 PARTICIPATING EMPLOYERS PRE-
   APPRENTICESHIP, APPRENTICE AND
17 JOURNEYMEN AFFIRMATIVE ACTION
   TRAINING FUND; OPERATING
18 ENGINEERS VACATION AND HOLIDAY
   PLAN; OPERATING ENGINEERS
19 CONTRACT ADMINISTRATION TRUST
   FUND; OPERATING ENGINEERS MARKET
20 PRESERVATION TRUST FUND;
   OPERATING ENGINEERS INDUSTRY
21 STABILIZATION TRUST FUND; BUSINESS
   DEVELOPMENT TRUST FUND; AND
22 HEAVY AND HIGHWAY COMMITTEE,

23        Plaintiffs,

24 v.

25 LAND TECHNOLOGY, INC., a California
   Corporation and SHELLEY RENEE SHAHEN
26 aka SHELLEY DREWRY, an Individual,

27        Defendants.

28                                                              -1-
                                          COMPLAINT TO COMPEL AUDIT
                                              Case No.: C07-5321 JL
P:\CLIENTS\OE3CL\Land Technology\Pleadings\Complaint to Compel Audit\Complaint 101807.DOC

Parties

1.      The Operating Engineers Health and Welfare Trust Fund for Northern California; Pension Trust Fund for Operating Engineers (which includes the Pension Plan for the Pension Trust Fund for Operating Engineers, and the Operating Engineers Annuity Plan); Pensioned Operating Engineers Health and Welfare Fund; Operating Engineers and Participating Employers Pre-Apprenticeship; Apprentice and Journeyman Affirmative Action Training Fund; and Operating Engineers Vacation and Holiday Plan are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3).  They and their trustee fiduciaries are together referred to herein as "ERISA Plaintiffs." Gil Crosthwaite and Russ Burns are Co-Chairmen of the Joint Boards of Trustees of the ERISA Plaintiffs with authority to act on behalf of all Trustees.

2.      Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO ("Union") is a labor organization as defined in § 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5).

3.      LAND TECHNOLOGY, INC. ("Land Technology") and SHELLEY RENEE SHAHEN aka Shelley DREWRY ("Shahen") are employers by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2), and Shelley Renee Shahen, aka Shelley Drewry, personally guaranteed payment of fringe benefits. They are referred to herein as "Defendants".

Jurisdiction

4.      Jurisdiction exists in this Court over the claims asserted by the ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that the ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

5.      Jurisdiction exists in this Court over all the claims by virtue of Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that the plaintiffs seek to enforce the terms and conditions of a collective bargaining agreement between the employer and a labor organization.

6.      To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

<u>Venue</u>

7.      Venue exists in this Court with respect to the claims under ERISA § 502 because all of the plans of the ERISA Plaintiffs are administered within this district and the breach took place in this district.

8.      Venue exists in this Court with respect to the claims under LMRA §301(a) because this Court has jurisdiction over the parties, as the Union maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

<u>Intradistrict Assignment</u>

9.      The basis for assignment of this action to this court's San Francisco Division is that all of the events and omissions giving rise to plaintiffs' claims occurred in the County of San Francisco, where the ERISA Plaintiffs' auditors maintain their principal place of business and did so during the period claimed herein, and where defendants therefore failed to fulfill its statutory and contractual obligations to the plaintiffs.

///

///

-3-
**COMPLAINT TO COMPEL AUDIT**
**Case No.: C07-5321 JL**

P:\CLIENTS\OE3CL\Land Technology\Pleadings\Complaint to Compel Audit\Complaint 101807.DOC

<u>Bargaining Agreement</u>

10.    The Union and defendants entered into a collective bargaining agreement requiring employer contributions to the Plaintiff Funds, and to the Union for union dues and to other Trust Funds more fully described in the Master Agreement between the Union and the Associated General Contractors of California, Inc., which is incorporated into the Independent Northern California Construction Agreement to which Land Technology is signatory.  That Agreement is referred to herein as the "Bargaining Agreement," and the ERISA Plaintiffs and Trust Funds are third party beneficiaries of that Bargaining Agreement.

11.    The Operating Engineers Market Preservation Fund, Operating Engineers Industry Stabilization Trust Fund, Business Development Trust Fund, and Heavy and Highway Committee, together referred to herein as "Trust Funds," are funds for which plaintiff Boards of Trustees are the assignees of monies due under the Bargaining Agreement.

12.    SHELLEY RENEE SHAHEN, aka SHELLEY DREWRY, is a guarantor for plaintiffs' claim, pursuant to the terms of the Independent Northern California Construction Agreement.

13.    Under the terms of said Bargaining Agreement and of the governing documents of the ERISA Plaintiffs which documents are incorporated into the Bargaining Agreement and made binding on defendants, defendants are required to submit monthly reports of hours worked by its employees, and to regularly pay to the Plaintiff ERISA Funds, to the Union for union dues, and to the Trust Funds, certain sums of money, the amounts of which are determined by the hours worked by employees of defendants, all as more fully set forth in said Bargaining Agreement. Also under the terms of said Bargaining Agreement and the governing documents of the Plaintiff Funds, defendants agreed to pay liquidated damages for each delinquent payment, which become part of the contributions. Defendants further agreed to pay interest on the combined contributions

<strong>-4-</strong><br>
<strong>COMPLAINT TO COMPEL AUDIT</strong><br>
<strong>Case No.: C07-5321 JL</strong>

1    and liquidated damages at the rates set by the Bargaining Agreements, from the day immediately

2    following the date that each such payment became due until paid in full, all as more fully set forth

3    or incorporated into said Bargaining Agreements.

4         14.    Under the terms of said Bargaining Agreement and of the governing documents of

5    the ERISA Plaintiffs which documents are incorporated into the Bargaining Agreements and made

6    binding on defendants, defendants are required to permit an authorized Trust Fund representative

7

8    to examine such records of defendants as is necessary to determine whether defendants have made

9    full payment of all sums owed to the Plaintiffs, all as more fully set forth in said governing

10   documents, as amended, and incorporated into the Bargaining Agreements.

11                                              Facts

12        15.    On several occasions, written demands were made on defendants on behalf of

13
     plaintiffs, to schedule an audit and provide records for examination pursuant to the terms of the
14
     Collective Bargaining Agreement and the governing documents of the ERISA Plaintiffs, for the
15
16   period January 1, 2004 through date of audit. Numerous telephone calls to defendants followed the

17   written demands.

18        16.    Defendants have refused and continue to refuse to schedule an audit and to permit

19
     an authorized representative of the Plaintiffs to examine defendants' records as are necessary to
20
     determine whether defendants have made full payment of all sums owed to the plaintiffs for the
21
22   period January 1, 2004 through date of audit.

23        17.    Defendants have a statutory duty to make required payments timely to the ERISA

24   Plaintiffs under ERISA § 515, 29 U.S.C. § 1145.

25        18.    Defendants' failure and refusal to provide records and to permit examination of its

26   records as alleged herein to determine if defendants have met their obligations was at all times,

27   and still is, willful. Defendants continue to breach said Bargaining Agreement, and the governing

28
                                                                                        -5-
                                                          **COMPLAINT TO COMPEL AUDIT**
                                                          **Case No.: C07-5321 JL**

documents of the ERISA Plaintiffs which documents are incorporated into the Bargaining Agreement and made binding on defendants, by failing to permit examination of its records as alleged. Said refusal is unjustified and done with malicious intent.

19. Defendants have a contractual duty under the Bargaining Agreements to timely make required contributions, liquidated damages and interest to the ERISA Plaintiffs and the Funds, and to timely make the required payment of union dues to the Union.

20. Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless defendants are ordered specifically to perform all obligations required on defendants' part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, the Bargaining Agreements, and the governing documents of the Plaintiffs Funds referred to therein, and are restrained from continuing to refuse to perform as required thereunder.

21. This Court is authorized to issue injunctive relief based on traditional standard. As set forth above, plaintiffs have a strong likelihood of success on the merits, there is the possibility that the Board of Trustees and the participants will suffer irreparable injuries, and the balance of hardships and advancement of public interest favor plaintiffs.

<u>Prayer</u>

WHEREFORE, Plaintiffs pray as follows:

1. For an order requiring defendants to provide certain records and to submit to an audit of such records by a date certain for the period January 1, 2004 through date of audit; and

2. For judgment against defendants in favor of the ERISA Plaintiffs and the Union, in an amount equal to:

///

///

P:\CLIENTS\OE3CL\Land Technology\Pleadings\Complaint to Compel Audit\Complaint 101807.DOC

a.     Any unpaid contributions, due at time of Judgment, including any contributions determined as due by said audit of defendants' records for the period January 1, 2004 through date of audit pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

(1)     To the ERISA Plaintiffs, in accordance with ERISA Section 502(g)(2)(A), 29 U.S.C. Section 1132(g)(2)(A) and the Bargaining Agreements;

(2)     To the Union, in accordance with the Bargaining Agreements;

b.     Liquidated damages in an amount equal to the greater of:

(1)     Interest on the unpaid contributions, or

(2)     Liquidated damages provided for under the Bargaining Agreement on the aforementioned unpaid and late paid contributions, in accordance with the Bargaining Agreement, the governing documents of the ERISA Plaintiffs, and with respect to the ERISA Plaintiffs, ERISA Section 502(g)(2), 29 U.S.C. Section 1132(g)(2).

c.     Interest on any unpaid and late paid contributions and dues, and on liquidated damages, at the rates and in accordance with the Bargaining Agreement, the governing documents of the ERISA Plaintiffs, ERISA Section 502(g)(2)(B), 29 U.S.C. Section 1132(g)(2)(B), with respect to the ERISA Plaintiffs, and the applicable legal rate with respect to dues and where otherwise appropriate.

3.     For any additional contributions and dues payable to plaintiffs and the Bargained Plans as third party beneficiaries of the Bargaining Agreements at time of judgment, plus interest and liquidated damages as above provided and in accordance with the Bargaining Agreement, the governing documents of the ERISA Plaintiffs and, with respect to the ERISA Plaintiffs, ERISA Section 502(g)(2), 29 U.S.C. Section 1132(g)(2).

4.     ERISA Plaintiffs' reasonable attorneys' fees and costs of this action in accordance with ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D); and in accordance with the collective

-7-
**COMPLAINT TO COMPEL AUDIT**
**Case No.: C07-5321 JL**

bargaining agreements for all Bargained Plans, and with LMRA Section 301, 29 U.S.C. § 185 for all plaintiffs.

     5.    For an order,

        (a)    requiring that defendants comply with their obligations to plaintiffs under the terms of the Bargaining Agreements and the governing documents referred to therein;

        (b)    enjoining defendants from violating the terms of those documents and of ERISA; and

        (c)    enjoining defendants from disposing of any assets until said terms have been complied with, and from continuing or operating of defendants' business until said terms have been complied with.

     5.    That the Court retain jurisdiction of this case pending compliance with its orders.

     6.    For such other and further relief as the Court may deem just and proper.

Dated: October 18, 2007           SALTZMAN & JOHNSON LAW CORPORATION


By:_____/s/_____
        Muriel B. Kaplan
        Attorneys for Plaintiffs

-8-
**COMPLAINT TO COMPEL AUDIT**
**Case No.: C07-5321 JL**